# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES LOWELL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION H-19-3876 |
| | § | |
| DANIEL D. DICKERSON, ET AL., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis* at the time of filing, filed this section 1983 lawsuit against Texas Department of Criminal Justice ("TDCJ") employees Warden Daniel Dickerson, Captain John Hastings, Corrections Officer Samo Tchuinkwa, Sergeant Solomon T. Odoi, Corrections Officer Kenneth Njeri, Lieutenant Dylan Cooley, Grievance Officer Jessica Back, Grievance Officer Jodie Richey, Classification Supervisor Mandy Head, Grievance Director Kevin Scott, and Grievance Officer Dawn Huffman[1] (collectively the "TDCJ Defendants"), and against UTMB and UTMB employee physician assistant Tanesha Sorkpor-Tran.

Pending before the Court are the motions to dismiss filed by the TDCJ Defendants (Docket Entry No. 13), defendant UTMB (Docket Entry No. 14), and defendant Sorkpor-

---

[1] Plaintiff named "Grievance Officer Heather Huffman" as a defendant in his complaint. TDCJ employee Dawn Huffman filed an answer and joined in the motion to dismiss, stating that she is employed in the Estelle Unit Grievance Department and that TDCJ has never employed a "Heather Huffman."

Tran (Docket Entry No. 15). Plaintiff filed a single response to all three motions (Docket Entry No. 18). He also filed an untimely second response. (Docket Entry No. 22.) Because the untimely second response was filed without leave of court, the response is STRICKEN FROM THE RECORD.

Having considered the motions to dismiss, the response, the pleadings, the record, and the applicable law, the Court GRANTS the motions to dismiss for the reasons explained below.

### *Background and Claims*

Plaintiff alleges in his complaint that early in the morning of March 25, 2019, while he was asleep in his cell at the Estelle Unit, defendant officer Njeri yelled out, "Chain." Plaintiff thought Njeri had yelled "Chow," and he arose from bed when he heard the cell doors open. Plaintiff stuck his head out his cell door to speak with Njeri, but at that moment the cell doors closed and plaintiff's head was caught in the door. He sustained a gash on his head. Njeri asked him if he needed to "see medical," but plaintiff declined and said he was okay. Later, plaintiff realized he had been injured and requested an escort to the clinic. He states that defendant Sorkpor-Tran examined and treated him with over-the-counter non-aspirin for his headache and a visual acuity test for his vision complaints.

Two days after the incident, plaintiff was given a disciplinary charge for interfering with the door locking mechanism during the incident. The charges alleged that plaintiff's actions had prevented the doors from closing. He was found guilty and punished with cell

restrictions. (Docket Entry No. 1, pp. 10–11.) His administrative grievances were denied or not timely returned. Plaintiff was subsequently transferred from the Estelle Unit to the Connally Unit, then reassigned back to the Estelle Unit. He reports that he has been released from prison and is no longer in physical custody of the TDCJ.

Plaintiff states that the Estelle Unit ingress and egress policy requires officers to take certain steps to clear the doors before they are opened or closed. According to plaintiff, these steps were not taken by defendants Njeri and Tchuinkwa, resulting in his injuries. Specifically, plaintiff asserts that Njeri failed to walk the runway and give warning that the doors were closing, and that Tchuinkwa failed to wait for Njeri's all clear signal before closing the doors. Plaintiff claims that the officers were deliberately indifferent to his safety in not following the ingress and egress policy.

He further claims that defendant Sorkpor-Tran failed to provide proper treatment for his headaches and vision complaints following the incident, and was deliberately indifferent to his serious medical needs. He contends that defendant UTMB failed to properly train and supervise Sorkpor-Tran. He further claims that the TDCJ Defendants were deliberately indifferent to his medical needs, and that they conspired against him, "covered up" the officers' failures to follow the ingress and egress policy, failed to investigate and process his grievances in a proper and timely manner, and retaliated against him by filing the disciplinary charges and transferring him to another unit.

Plaintiff seeks declaratory and injunctive relief and monetary damages against UTMB and against the remaining defendants in their official, individual, and supervisory capacity.

## *Legal Standards*

The defendants move to dismiss plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Rule 12(b)(1) requires dismissal of an action if the court lacks jurisdiction over the subject matter of the plaintiff's complaint. The Rule allows a party to challenge the subject matter jurisdiction of a district court based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting the existence of jurisdiction bears the burden of proof once a court's subject matter jurisdiction is challenged. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To defeat a Rule 12(b)(6) motion to dismiss, a plaintiff must "nudge[ ] [his] claims across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a Rule 12(b)(6) motion, a court will "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not "strain to find inferences favorable to plaintiff" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." *Southland Sec. Corp. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 351 (5th Cir. 2004) (internal quotation marks and citations omitted).

Generally, courts should give plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case under Rule 12(b)(6). *See Great Plains Trust Co. v. Morgan Stanely Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case. *Id.*

### *Analysis*

*Official Capacity*

Plaintiff seeks monetary damages from UTMB and the individual defendants in their official capacity. These claims are barred by Eleventh Amendment immunity.

The Eleventh Amendment to the federal Constitution bars such claims against a state unless the state has waived immunity or Congress has abrogated immunity pursuant to its power under section 5 of the Fourteenth Amendment. *Id*. In passing 42 U.S.C. § 1983, Congress "had no intention to disturb the State's Eleventh Amendment immunity." *Id*.

Neither Congress nor the State of Texas has waived Eleventh Amendment immunity under section 1983.

The Fifth Circuit has repeatedly held that the Eleventh Amendment bars plaintiffs from recovering monetary damages in a section 1983 claim from TDCJ officers in their official capacity. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998); *Aguilar v. TDCJ-CID*, 160 F.3d 1052, 1054 (5th Cir. 1998). Likewise, plaintiff's claims for monetary damages against UTMB are barred by the Eleventh Amendment because UTMB is an agency of the State of Texas. *Lewis v. UTMB*, 665 F.3d 625, 630 (5th Cir. 2011).

Plaintiff's claims for monetary damages against UTMB and the defendants in their official capacity are DISMISSED under Rule 12(b)(1) for want of subject matter jurisdiction.

*Supervisory Capacity*

Plaintiff appears to argue that one or more of the supervisory TDCJ Defendants are liable because they were responsible for the wrongful actions of their subordinates. His argument raises no viable claim, as supervisory officials cannot be held liable for the actions of their subordinates based on a theory of vicarious liability or *respondeat superior* under section 1983. *See Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). Moreover, the Supreme Court has rejected a contention that government officials may be held liable under section 1983 merely because they had knowledge of or acquiesced in the misconduct of their subordinates. *Iqbal,* 556 U.S. at 677.

Plaintiff's claims for supervisory liability raise no viable claims for relief under section 1983, and the claims are DISMISSED WITH PREJUDICE.

*Grievances*

Plaintiff complains that defendants Back, Richey, Scott, and Huffman failed to process, investigate, and resolve his step 1 and step 2 grievances in an appropriate and timely manner. Plaintiff's allegations raise no viable constitutional claim against the defendants under section 1983, as prisoners have no due process right to satisfactory handling and resolution of prison grievances. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (holding prisoner has no federally protected liberty interest in having grievance resolved to his satisfaction).

Plaintiff's claims against defendants Back, Richey, Scott, and Huffman regarding his administrative grievances are DISMISSED WITH PREJUDICE for failure to raise a viable claim for relief under section 1983.

*Conspiracy*

Plaintiff alleges that the TDCJ Defendants conspired to violate his constitutional rights by "covering up" the incident, denying his grievances, pursuing a false disciplinary charge, denying him proper medical care, and transferring him to another prison unit.

In pleading his claims for conspiracy, plaintiff does little more than assert in conclusory terms that the defendants conspired against him. This is insufficient to preclude

the granting of a Rule 12(b)(6) motion to dismiss. Plaintiff fails to show anything beyond his conclusory allegations that the TDCJ Defendants conspired against him.

Regardless, plaintiff's conspiracy claims fail because the TDCJ Defendants, all of whom are employed by TDCJ, cannot legally conspire with one another because TDCJ employees constitute one "single legal entity which is incapable of conspiring with itself." *See Thornton v. Merchant*, 526 F. App'x 385, 388 (5th Cir. 2013). Plaintiff's conspiracy claims against the TDCJ Defendants are DISMISSED WITH PREJUDICE.

*Retaliation*

Plaintiff also asserts that the TDCJ Defendants retaliated against him for his grievances by filing the disciplinary charges, transferring him to another unit, and not returning his step 2 grievance. (Docket Entry No. 1, pp. 4, 6, 14–15.)

To state a retaliation claim, a prisoner's well-pleaded facts must establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for his exercise of that right; (3) a retaliatory adverse act; and (4) causation, which requires the prisoner to show that, but for the retaliatory motive, the adverse actions would not have occurred. *Morris v. Powell*, 449 F.3d 682, 684 (5th Cir. 2006); *McDonald v. Steward,* 132 F.3d 225, 231 (5th Cir. 1998). Conclusory allegations without a specific factual basis are not sufficient to state a claim of retaliation. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

In the instant case, plaintiff fails to allege, much less plead facts supporting, a viable claim for retaliation. He attempts to support his retaliation claims with his personal belief

and conclusory assertions that the defendants retaliated against him for filing grievances. A prisoner's personal belief or opinion that he is a victim of retaliation will not support a retaliation claim. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (explaining "the inmate must allege more than his personal belief that he is the victim of retaliation."). Plaintiff pleads no factual allegations showing that, "but for" the defendants' retaliatory motive, he would not have been transferred to another unit, had a disciplinary charge brought against him, or been denied a timely grievance response.

The defendants seek dismissal of these claims under Rule 12(b)(6). Plaintiff does not address these deficiencies in his response to the motions to dismiss; instead, he repeats the conclusory and insufficient assertions already appearing in his complaint.[2] Plaintiff's claims against the defendants for retaliation are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims for retaliation with sufficient factual support. No new claims may be raised, nor may plaintiff replead claims that have been dismissed with prejudice in this order.

*Deliberate Indifference to Safety*

Plaintiff claims that defendants Njeri and Tchuinkwa were deliberately indifferent to his safety by failing to clear the doors, provide warnings, and wait for a clearance signal

---

[2]For example: "Lieutenant Cooley condoning and conspiring to cover up Tchuinkwa's misconduct amounts to deliberate indifference"; "Tchuinkwa failing to follow ingress and egress which resulted in my injury [was] deliberate indifference"; "Step 1 Grievance Ms Richey retaliated for filing grievance by getting me shipped while still attending physician ordered treatment therapy amounts to deliberate indifference"; "For this [*sic*] reason, motion to dismiss my case should be denied." (Docket Entry No. 18, p. 3.)

before closing the cell doors. In short, he claims that they failed to follow the Estelle Unit's policy and procedures for cell ingress and egress, which resulted in his physical injury.

To raise an Eighth Amendment violation, a prisoner must show that he was exposed "to a substantial risk of serious harm" and "that prison officials acted or failed to act with deliberate indifference to that risk." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 345–46 (5th Cir. 2006)). The presence of a substantial risk is an objective inquiry. *Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019). Deliberate indifference, however, is subjective; it requires a showing that prison officials had actual knowledge of a risk and disregarded it. *Id.* Knowledge may be inferred from the circumstances, particularly where the risk is obvious. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). Actions and decisions by officials that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference. *Hernandez v. Texas Dep't of Protective & Regulatory Services*, 380 F.3d 872, 883 (5th Cir. 2004); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 201 (5th Cir. 1999).

Thus, plaintiff must show with sufficient factual allegations that Njeri and Tchuinkwa had subjective awareness of facts from which they could have inferred that their actions would have posed a substantial risk that plaintiff would have been harmed. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). He must then show that each defendant made such an inference. *Id*.

Plaintiff fails to plead sufficient facts to demonstrate that Njeri and Tchuinkwa were aware that there was a substantial risk that he would get his head stuck in the cell door when

it was closed, and that they deliberately ignored that risk. Plaintiff's conclusory assertions of deliberate indifference fail to state a viable Eighth Amendment claim under section 1983.

Plaintiff's claims against Njeri and Tchuinkwa for deliberate indifference to his safety are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims for deliberate indifference against Njeri and Tchuinkwa. No new claims may be raised, nor may plaintiff replead claims that have been dismissed with prejudice in this order.

*Deliberate Indifference to Medical Care – Sorkpor-Tran*

Plaintiff asserts that defendant physician assistant Sorkpor-Tran was deliberately indifferent to his serious medical needs by providing him over-the-counter non-aspirin for his headaches following the incident, and in not pursuing additional treatment for his complaint of vision problems. Defendant Sorkpor-Tran seeks dismissal of plaintiff's claim against her under Rule 12(b)(6).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). A prison official may violate the Eighth Amendment's prohibition against cruel and unusual punishment if he acts with deliberate indifference to a prisoner's serious medical needs, constituting an unnecessary and wanton infliction of pain. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Deliberate indifference exists where an official knows of an excessive risk to inmate health or safety and deliberately disregards that risk. *Farmer*, 511 U.S. at 836. The facts underlying a claim for

deliberate indifference "must clearly evince the medical need in question and the alleged official dereliction." *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Unsuccessful medical treatment, negligence, neglect, and medical malpractice do not give rise to a section 1983 cause of action, and an inmate's disagreement with his medical care does not establish a constitutional violation. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Even if a lapse in professional judgment occurred, such a failure would amount to mere negligence or malpractice, not a constitutional violation. *Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999). Deliberate indifference, as it is used in context of the Eighth Amendment, requires more than mere negligence but less than purposeful or knowing infliction of harm; it requires a showing of "subjective recklessness" as used in criminal law. *Farmer*, 511 U.S. at 839–40.

Plaintiff acknowledges that Sorkpor-Tran examined him and provided treatment for his complaints of headaches and visual issues with non-aspirin medication and a vision acuity test. (Docket Entry No. 1, pp. 11–12.) That plaintiff believed he needed a different type of headache medication or vision care does not rise to the level of an Eighth Amendment violation regarding medical care. Plaintiff's factual allegations do not show that Sorkpor-Tran refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Gobert*, 463 F.3d at 346.

Plaintiff's factual allegations against defendant Sorkpor-Tran fail to state a viable claim for relief under section 1983, and his claim is DISMISSED WITH PREJUDICE.

*Deliberate Indifference to Medical Care – TDCJ*

Plaintiff alleges that defendant Classification Supervisor Mandy Head was deliberately indifferent to his medical needs by ordering his transfer from the Estelle Unit. He argues that he was undergoing phototherapy at the Estelle Unit and had not completed the course of treatment when he was ordered transferred to the Connally Unit then later ordered transferred back to the Estelle Unit. Plaintiff's conclusory allegation that defendant Head was deliberately indifferent to his medical needs in ordering his transfer is insufficient to preclude the granting of a Rule 12(b)(6) motion to dismiss.

Plaintiff's claim against Head for deliberate indifference to his medical needs is DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claim for deliberate indifference against Head. No new claims may be raised, nor may plaintiff replead claims that have been dismissed with prejudice in this order.

*Failure to Train/Supervise– UTMB*

Plaintiff claims that defendant UTMB failed to train and supervise defendant Sorkpor-Tran, in that she provided him inadequate medical care. He argues that, had UTMB properly trained and supervised her, she would have provided him appropriate care.

The Court has already determined above that plaintiff set forth no viable Eighth Amendment claim against defendant Sorkpor-Tran for deliberate indifference to serious medical needs. Consequently, he raises no viable claim against UTMB for failing to train or supervise her as to the medical care and treatment she provided for his complaints of headaches and vision issues.

Plaintiff's factual allegations fail to raise a viable claim against UTMB, and his claim is DISMISSED WITH PREJUDICE.

*Failure to Train/Supervise– TDCJ*

Plaintiff further claims that defendant Dickerson failed to train his subordinates at the Estelle Unit. The TDCJ Defendants move for dismissal of this claim under Rule 12(b)(6).

To state a claim for failure to train and/or supervise, a plaintiff must plead factual allegations showing that (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounted to deliberate indifference. *Gates v. Tex. Dep't of Protective & Reg. Services*, 537 F.3d 404, 435 (5th Cir. 2008). "[A] single incident is usually insufficient to demonstrate deliberate indifference." *Farmer*, 511 U.S. at 835. Rather, deliberate indifference generally requires that a plaintiff demonstrate at least a pattern of similar violations arising from training or supervision "that is so clearly inadequate as to be obviously likely to result in a constitutional violation."

*Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003); *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001).

Here, plaintiff pleads only conclusory assertions that defendant Dickerson failed to train his subordinates. (Docket Entry No. 1, p. 3.) He fails to demonstrate that any of Dickerson's actions or inactions constituted deliberate indifference, and he fails to plead more than a single incident. Consequently, plaintiff has failed to plead factual allegations raising a viable claim against Dickerson for failure to train and/or supervise, and the claim is DISMISSED WITHOUT PREJUDICE.

Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims against Dickerson for failure to train and/or supervise. No new claims may be raised, nor may plaintiff replead claims that have been dismissed with prejudice in this order.

*Disciplinary Conviction*

Plaintiff contends he was denied due process when he received cell restrictions at a disciplinary hearing for tampering with a locking mechanism. His claim fails because he has not pleaded the loss of a liberty interest. Imposition of cell restrictions as a disciplinary sanction do not amount to the loss of a liberty interest. *Malchi v. Thaler*, 211 F.3d 953, 958–59 (5th Cir. 2000) (providing that cell restrictions do not implicate due process concerns). Plaintiff's claim regarding imposition of cell restrictions is DISMISSED WITH PREJUDICE for failure to raise a viable claim for relief under section 1983.

To any extent plaintiff may be attempting to challenge the validity of the disciplinary conviction itself, his claim sounds in habeas, not civil rights, and may not be pursued in this section 1983 lawsuit. Plaintiff's challenge must be raised, if at all, in a habeas lawsuit filed in a court of appropriate jurisdiction. Plaintiff's habeas claims as to the disciplinary conviction are DISMISSED WITHOUT PREJUDICE, subject to being pursued in a separate habeas lawsuit.

*Injunctive Relief*

Plaintiff seeks injunctive relief ordering Estelle Unit officials and UTMB to undertake or cease certain actions regarding prisoners.

At the time the underlying incident occurred, plaintiff was housed at the Estelle Unit. At this current time, plaintiff has been released from prison and is no longer in physical custody of TDCJ. Consequently, his requests for injunctive relief as to the Estelle Unit and UTMB are DISMISSED AS MOOT.

### *Conclusion*

The Court ORDERS as follows:

1. The motion to dismiss filed by the TDCJ Defendants (Docket Entry No. 13) is GRANTED.

2. The motion to dismiss filed by defendant UTMB (Docket Entry No. 14) is GRANTED.

3. The motion to dismiss filed by defendant Tanesha Sorkpor-Tran (Docket Entry No. 15) is GRANTED.

4.  Plaintiff's claims for monetary damages against UTMB and the defendants in their official capacity are DISMISSED for want of subject matter jurisdiction.

5.  Plaintiff's claims against the TDCJ Defendants in their supervisory capacity are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

6.  Plaintiff's claims against defendants Back, Richey, Scott, and Huffman for improper investigation, processing, and resolution of his step 1 and step 2 administrative grievances are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

7.  Plaintiff's claims against the TDCJ Defendants for conspiracy are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief.

8.  Plaintiff's claims against the TDCJ Defendants for retaliation are DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims for retaliation against the TDCJ Defendants.

9.  Plaintiff's claims against defendants Njeri and Tchuinkwa for deliberate indifference to his safety are DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims for deliberate indifference to his safety against defendants Njeri and Tchuinkwa.

10. Plaintiff's claims against defendant Tanesha Sorkpor-Tran for deliberate indifference to his medical needs are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

11. Plaintiff's claim against defendant Mandy Head for deliberate indifference to his medical needs is DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading the claim for deliberate indifference to his medical needs against defendant Mandy Head.

12. Plaintiff's claims against the TDCJ Defendants for deliberate indifference to his medical needs are DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading these claims for deliberate indifference to his medical needs against the TDCJ Defendants.

13. Plaintiff's claims against defendant UTMB for failure to train and supervise defendant Tanesha Sorkpor-Tran are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

14. Plaintiff's claims against defendant Daniel Dickerson for failure to train and/or supervise are DISMISSED WITHOUT PREJUDICE for failure to state a viable claim for relief. Plaintiff may file an amended complaint within THIRTY DAYS from date of this order, repleading his claims for failure to train and/or supervise against Daniel Dickerson.

15. Plaintiff's claims against the TDCJ Defendants for denial of due process as to imposition of cell restrictions are DISMISSED WITH PREJUDICE for failure to state a viable claim for relief under section 1983.

16. Plaintiff's habeas challenges to the validity of his disciplinary conviction are DISMISSED WITHOUT PREJUDICE, subject to being pursued in a separate habeas lawsuit filed in a court of proper jurisdiction.

17. Plaintiff's claims for injunctive relief are DISMISSED AS MOOT.

18. Plaintiff's second response (Docket Entry No. 22) is STRICKEN FROM THE RECORD.

19. The Court will determine the defendants' respective entitlements to qualified immunity should plaintiff timely file an amended complaint sufficiently repleading one or more of the claims dismissed without prejudice in this order.

20. Plaintiff is no longer incarcerated in the TDCJ, and $333.40 remains unpaid on his filing fee.  Plaintiff is ORDERED to file, within thirty days from date of this order, an amended application to proceed *in forma pauperis*, setting forth all of his current sources of income and his actual expenses, with supporting financial documentation. Plaintiff is advised that the Court retains the right to order plaintiff to pay the remaining filing fee in monthly installments.  Plaintiff's failure to comply timely and fully with this order will result in dismissal of this lawsuit for failure to pay the filing fee.

21. THIS IS AN INTERLOCUTORY ORDER.

Signed at Houston, Texas on November 5, 2020.

_____
Gray H. Miller
Senior United States District Judge